# STEVEN R. KARTAGENER
ATTORNEY AT LAW

225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007

TELEPHONE (212) 732-9600
FAX (212) 732-6966
EMAIL SRK@Kartlaw.com

**FILED BY ECF**

June 8, 2012

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           RE:  United States v. Russo, et al.
              Indictment No. 11-CR-30 (KAM)
              **Defendant Michael Castellano**

Dear Judge Matsumoto:

   I represent defendant Michael Castellano (hereinafter "defendant") in the above-entitled criminal action. Defendant's sentencing is presently scheduled for June 14, 2012 at 4:00 p.m. Our presentence submission was filed by ECF on May 25, 2012. The Government's response was filed on June 4, 2012. We are now respectfully submitting this letter as a reply to the Government's submission.

   The Presentence Report (hereinafter "PSR") finds that if defendant is to get the benefit of the two-level global reduction originally contemplated by the parties, his guidelines range is 41 to 51 months based upon a guidelines offense level of 20, with a criminal history category of III. *See* Addendum to PSR, page 3, Part E. The Government agrees that defendant is, indeed, entitled to receive the benefit of that two-level sentencing reduction. *See* Government's Sentencing Letter, page 6, Subparagraph 2. Hence, consistent with the PSR, it is defendant's position that his appropriate guidelines range, going into his impending sentencing proceeding, should be level 20, with a potential incarceration range of 41-51 months. Furthermore, one of the Government prosecutors assigned to this case stated, in a telephone conversation that took place with him, me and my associate on Tuesday, February 28, 2012, that the Government was in agreement that the Presentence

Hon. Kiyo A. Matsumoto
June 8, 2012
Page 2

Report was, in its final form, correct. Based on all of this, we assumed that the parties were in agreement that a 41-51 months guidelines range would be the starting point for discussion at the forthcoming sentencing proceeding.

    Unfortunately, our assumption was incorrect. Earlier this week, in the Government's response to our sentencing submission, the other Government prosecutor assigned to this case announced, for the first time, and without prior notice to us or the Probation Officer who prepared the PSR, that the Government would be changing its position and would now be arguing that defendant's guidelines level should be fixed at level 23, with a sentencing range of 57 to 71 months. The prosecutor has reached this last-moment altered position by asserting that defendant should receive a two-level enhancement because he was an organizer with respect to one of the predicate acts with which he was charged. *See* Guidelines § 3B1.1 (c). Additionally, the prosecutor's calculations erroneously included an additional single level because the prosecutor mistakenly failed to give defendant credit for a one-level reduction based upon defendant's having given timely notice of his intention to enter a guilty plea. *See* Guidelines § 3E1.1(b).

    The "timely notice" issue is most quickly and easily addressed because on Wednesday, June 6th, I had a telephone conversation with the prosecutor in which she acknowledged that she had inadvertently failed to give defendant a one-level reduction for his timely notice to plead guilty. The prosecutor has authorized me to inform the Court of this mistake. Accordingly, it is now the Government's position that defendant's guidelines level should be level 22, with an incarceration range of 51-63 months.

    With respect to the additional two points based upon defendant's alleged role as the "mastermind" of one of his two predicate racketeering acts, the Government here, too, is in error. In *United States v. Ivezaj*, 568 F.3d 88, 99-100 (2d Cir. 2009), a RICO defendant argued that the issue of whether he should receive a sentencing enhancement based on his being a leader or manager should be determined by evaluating his conduct in the discrete predicate racketeering acts with which he was charged, rather than by evaluating his role in the overall RICO enterprise. The Court of Appeals for this Circuit rejected that argument and unambiguously held that in determining whether a defendant should receive a sentencing enhancement for being a leader or manager, the ***"defendant's role adjustment is to be made on the basis of the defendant's role in the overall RICO enterprise."*** Emphasis added.

    The prosecutor in the instant case argues at length about why her present analysis makes good sense, but we respectfully submit that there is nothing in that argument which adequately explains why this Court should disregard the clear holding to the contrary in *Ivezaj*. Simply put, the Government's present argument is in conflict with settled law, and should be rejected.

Hon. Kiyo A. Matsumoto
June 8, 2012
Page 3

    For these reasons, we respectfully urge this Court to accept the PSR's and defendant's shared conclusion that defendant's correct guidelines computation should put him at level 20, with a guidelines sentencing range of 41-51 months, based on a criminal history category of III.

    Thank you.

Respectfully submitted,

Steven R. Kartagener

cc:    AUSA Elizabeth Geddes